UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-10140-MRA-BFM | Date | May 30, 2025 |
|---|---|---|---|
| Title | Melanie Greben v. Cinmar, LLC, et al. | | |

| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Gabriela Garcia | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER [ECF 17] AND DENYING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE TO RENEWAL BEFORE TRANSFEREE COURT [ECF 18]**

Before the Court is Defendants' Motion to Transfer and Motion to Dismiss. ECF 17, 18. The Court read and considered the moving, opposing, and reply papers and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons stated herein, the Court **GRANTS** the Motion to Transfer and **DENIES** the Motion to Dismiss without prejudice to renewal before the transferee court.

**I.   BACKGROUND**[1]

Plaintiff Melanie Greben ("Plaintiff" or "Greben"), individually and on behalf of a nationwide class and California sub-class, filed this putative class action against Defendants Cinmar, LLC ("Cinmar") and Frontgate Marketing, Inc. ("Frontgate") (collectively, "Defendants") on November 22, 2024. ECF 1 (Compl.).

Defendants distribute, market, and sell furniture and home décor products directly to consumers through their website. *Id.* ¶ 21. On their website, Defendants extensively advertise steep, time-limited discounts on their products. *Id.* ¶¶ 23. However, because Defendants' products are consistently available for prices lower than the regular prices, Defendants' markdowns create the false impression that the products' regular prices are higher than they truly are. *Id.* ¶¶ 22, 24. This misleads reasonable consumers as to the true market value of the purchased products and the related value of any discount. *Id.* ¶¶ 25-27.

Plaintiff resides in Oak Park, California. *Id.* ¶ 14. On November 20, 2023, while living

---

[1] The factual background is described as alleged in Plaintiff's Complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-10140-MRA-BFM | Date | May 30, 2025 |
|---|---|---|---|
| Title | Melanie Greben v. Cinmar, LLC, et al. | | |

in Oak Park, Greben purchased a chandelier off Defendants' website. *Id.* ¶ 40. At the time, the website advertised an "Up to 50% Off Sitewide" sale. *Id.* Defendants represented that the chandelier had a regular price "significantly higher" than the discounted purchase price of $419.98. *Id.* ¶¶ 41-42. As with their other products, however, Defendants did not regularly sell the chandelier at the regular price. *Id.* ¶ 48.

On these alleged facts, Plaintiff brings the following: (a) individually and on behalf of a California sub-class, claims for violations of California's consumer protection laws, negligent misrepresentation, and intentional misrepresentation; and (b) individually and on behalf of a nationwide class, claims for breach of contract, breach of express warranty, and unjust enrichment. *Id.* ¶¶ 66-151.

Defendants filed the instant Motion to Transfer and Motion to Dismiss on January 20, 2025. ECF 17, 18. Plaintiff filed Oppositions to both Motions. ECF 22, 23. Defendants filed Replies. ECF 24, 25.

## II.   LEGAL STANDARD

A district court may transfer any civil action to "any other district or division where it might have been brought," if doing so is "[f]or the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citation and internal quotation marks omitted). Section 1404(a) "does not condition transfer on the initial forum's being 'wrong.'" *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 59 (2013).

The analysis under § 1404(a) is two-fold. First, the defendant must establish that the matter "might have been brought" in the district to which transfer is sought. 28 U.S.C. § 1404(a). "This includes demonstrating that subject matter jurisdiction, personal jurisdiction, and venue would have been proper if the plaintiff had filed the action in the district to which transfer is sought." *Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009). Second, the court must balance three factors: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. 28 U.S.C. § 1404(a). In analyzing the third factor, several considerations are relevant, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-10140-MRA-BFM | Date | May 30, 2025 |
|---|---|---|---|
| Title | Melanie Greben v. Cinmar, LLC, et al. | | |

plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). The decision to transfer requires "an individualized case-by-case consideration of convenience and fairness." *Id.* at 498 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). No single factor is dispositive. *See Atl. Marine*, 571 U.S. at 63.

## III. DISCUSSION

Defendants argue that this action could have been brought in the Southern District of Ohio, and the weight of public interest factors warrant transfer to that district. ECF 17 at 13. Plaintiff responds that her choice of forum is owed deference, and that Defendants have not made a substantial showing of inconvenience under the remaining public interest factors to warrant transfer. ECF 22 at 6.

There is no dispute that this action could have been brought in the Southern District of Ohio. *See* ECF 24 at 8. Defendants are subject to personal jurisdiction in that district because their principal places of business and headquarters are located in West Chester, Ohio. *See* Compl. ¶¶ 16-17; *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880-81 (2011) (explaining that a court has personal jurisdiction over a defendant corporation if the corporation has its principal place of business within that state's borders). A court in that district would also have subject matter jurisdiction over this matter under the Class Action Fairness Act. *See* Compl. ¶¶ 14, 16-18; 28 U.S.C. § 1332(d)(2)). Furthermore, venue is proper in that district because Defendants reside there and a substantial portion of the events or omissions giving rise to Plaintiff's claims, namely marketing and pricing decisions, occurred there at Defendants' headquarters. *See* Compl. ¶¶ 16-17; 28 U.S.C. § 1391(b)(1). Thus, because this action could have been brought either in the Central District of California or in the Southern District of Ohio, the Court turns to the § 1404(a) factors.

### A. Interest of Justice

#### 1. *Plaintiff's Choice of Forum*

Defendants first argue that Plaintiff's choice of forum is entitled to lesser weight because Plaintiff's counsel engaged in forum shopping by dismissing and re-filing "a nearly identical action with a different plaintiff before a different court in this [d]istrict purely to avoid the transfer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-10140-MRA-BFM | Date | May 30, 2025 |
|---|---|---|---|
| Title | Melanie Greben v. Cinmar, LLC, et al. | | |

of the prior action." ECF 17 at 14-16. More specifically, Plaintiff's counsel previously filed a putative class action in this district on behalf of a different California plaintiff (*Simpson v. Cinmar, LLC*, No. 2:24-cv-04753-MWC-SK), asserting the same claims against Defendants and seeking to represent the same nationwide class and California sub-class. ECF 19 (Hamilton Decl.) ¶¶ 33-34, 48, Exs. 31, 32, 46. Defendants moved to transfer *Simpson* to the Middle District of Florida pursuant to a forum-selection clause in the conditions of use on Frontgate's website, which the named plaintiff had affirmatively agreed to by creating a Frontgate account in connection with her purchase. *Id.* ¶ 45, Ex. 43. Prior to a ruling on the motion to transfer, the plaintiff, by and through counsel, voluntarily dismissed the case on November 19, 2024. *Id.* ¶ 47, Ex. 45. A few days later, counsel then filed this action on behalf of Greben, who is not subject to the same forum-selection clause because she did not create a Frontgate account. ECF 1. Plaintiff responds that the decision to dismiss and refile was made after determining that Greben is "the better class representative," not because of the prospect of transfer. ECF 22 at 9-11. Plaintiff maintains that her counsel attempted to substitute Greben as the named plaintiff in *Simpson*, ECF 22 at 9, but Defendants' counsel stated that the "proper approach" would be for Simpson to dismiss her case and for Greben to file a new lawsuit, ECF 22-1 (Brenner Decl.) ¶ 3.

"The general rule is that a plaintiff's choice of forum is afforded substantial weight" in determining whether transfer is in the interest of justice. *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (citing, *inter alia*, *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)). But the degree of deference is "substantially reduced where the plaintiff does not reside in the venue or where the forum lacks a significant connection to the activities alleged in the complaint" or if "there is any indication that plaintiff's choice of forum is the result of forum shopping." *Id.* (citations omitted). Concerns about forum shopping "are potentially present when a plaintiff pursues litigation outside his home district." *Meza v. Procter & Gamble Co.*, No. EDCV 23-91 JGB (SHKX), 2023 WL 3267861, at *3 (C.D. Cal. Apr. 27, 2023) (quoting *LegalForce, Inc. v. Legalzoom.com, Inc.*, No. 2:18-CV-06147-ODW-GJS, 2018 WL 6179319, at *3 (C.D. Cal. Nov. 27, 2018)). "Forum shopping could [also] reasonably be inferred if the plaintiff files the same or similar case represented by the same law firm in a different district after receiving unfavorable rulings there." *LegalForce*, 2018 WL 6179319, at *3 (citing *Carrera v. First Am. Home Buyers Prot. Co.*, No. CV 11-10242-GHK (FFMx), 2012 WL 13012698, at *6 (C.D. Cal. Jan. 24, 2012); *Alexander v. Franklin Res., Inc.*, No. C 06-7121 SI, 2007 WL 518859, at *4 (N.D. Cal. Feb. 14, 2007)). "[E]vidence of plaintiff's attempt to avoid a particular precedent from a particular judge weighs heavily in the context of [the interest of justice] and would often make the transfer of venue proper." *Wireless Consumers All., Inc. v. T-Mobile USA, Inc.*, No. C 03-3711 MHP, 2003 WL 22387598, at *5 (N.D. Cal. Oct. 14, 2003). "It matters little whether the same named plaintiff is involved in the same or similar action, for there is an equally strong inference of forum shopping where the parallel actions are filed by the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-10140-MRA-BFM | Date | May 30, 2025 |
|---|---|---|---|
| Title | Melanie Greben v. Cinmar, LLC, et al. | | |

same law firm, and such strategic machinations by plaintiff's counsel are equally discouraged" under § 1404(a). *Meza*, 2023 WL 3267861, at *4 (collecting cases).

The Court finds that Plaintiff's counsel's actions are not entirely suggestive of forum shopping. It agrees with Plaintiff that this case is distinguishable from *Meza* because Plaintiff's counsel is not "avoid[ing] adverse precedent in [another district] and chas[ing] favorable precedent in the Central District of California" by filing this action in this forum. *Meza*, 2023 WL 3267861, at *4; *see* ECF 22 at 11. In fact, this action was filed in the same forum as the prior dismissed case, and Defendants have not presented any evidence that Plaintiff's counsel obtained a disfavored ruling in the proposed transferee forum, the Southern District of Ohio. This is not a case where "either party improperly sought more favorable rules in its choice of forum or pursued suit in a new forum after facing setbacks in the original proceeding." *Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 846 (9th Cir. 2017) (defining forum shopping in the context of federal abstention).

### 2.    *Parties' Contacts with the Forum and Related to the Causes of Action*

Defendants argue that Plaintiff's choice of forum still carries lesser weight because this is a putative nationwide class action, and this case involves minimal contacts with this district. ECF 17 at 16. Plaintiff responds that even though she brings nationwide class claims, her choice of forum is still entitled to deference because she lives in this district, purchased the falsely advertised product in this district, and was therefore harmed in this district. ECF 22 at 12-13.

In this circuit, "[a]lthough great weight is generally accorded plaintiff's choice of forum, when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (citations omitted), *cert. denied*, 485 U.S. 993 (1988). Nonetheless, even in a class action, "[i]n judging the weight to be accorded [the plaintiff]'s choice of forum, consideration must be given to the extent of both [the parties'] contacts with the forum, including those relating to [the plaintiff]'s cause of action." *Id.* at 739. "In part, the reduced weight on plaintiff's choice of forum in class actions serves as a guard against the dangers of forum shopping, especially when a representative plaintiff does not reside within the district." *Roling v. E*Trade Sec., LLC*, 756 F. Supp. 2d 1179, 1185 (N.D. Cal. 2010). "Similarly, if the transactions giving rise to the action lack a significant connection to the plaintiff's chosen forum, the plaintiff's choice of forum is given considerably less weight." *Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1214-15 (S.D. Cal. 2013) (citing *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968)). Thus, "if the operative facts have not occurred within the forum and the forum has no interest in the parties or the subject matter, [the plaintiff]'s choice is entitled to only minimal consideration." *Lou*, 834

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-10140-MRA-BFM | Date | May 30, 2025 |
|---|---|---|---|
| Title | Melanie Greben v. Cinmar, LLC, et al. | | |

F.2d at 739.

Plaintiff's choice of forum is entitled to lesser weight in this case because the parties and the action lack significant connection to this forum, not merely because this is a putative class action. The Court agrees with Plaintiff that her choice of forum is not purely "the product of happenstance," *Meza*, 2023 WL 3267861, at *6, or "largely fortuitous," *Garcia v. 3M Co.*, No. C-09-01943 RMW, 2009 WL 3837243, at *2 (N.D. Cal. Nov. 16, 2009). Plaintiff resides in this forum, purchased the product here, and therefore relied on the allegedly false or misleading representations in this forum. ECF 22-3 (Greben Decl.) ¶ 3. Yet Plaintiff has only ever made a single purchase off the Frontgate website. ECF 20 (Hoffman Decl.) ¶ 5; *see also* Greben Decl. ¶ 3. Defendants' Products are ostensibly "sold throughout the country, and Plaintiff offers no reason why her choice of forum would be superior to any other." *Navarro v. Target Corp.*, No. 1:24-CV-00280-JLT-SAB, 2024 WL 4668049, at *6 (E.D. Cal. Nov. 4, 2024), *R. & R. rejected in part on other grounds,* No. 1:24-CV-00280 JLT SAB, 2025 WL 986949 (E.D. Cal. Apr. 2, 2025). "[T]here is nothing about her experience unique to this District, and the nationwide class on whose behalf she files suit purportedly suffered the exact same harm in seemingly every single district across the nation." *Meza*, 2023 WL 3267861, at *7. No relevant records or employees are located in California. Hoffman Decl.¶¶ 8, 12. In contrast, Defendants maintain principal places of business in West Chester, Ohio, where all relevant business records regarding online marketing, pricing, and website sales are maintained. *Id.* ¶¶ 6-8. In addition, at least 30 employees responsible for online marketing, pricing, and website sales are based in the West Chester, Ohio offices, as well as executives and their subordinates with information about pricing and discounts on the Frontgate website. *Id.* ¶ 9; *see Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1041 (N.D. Cal. 2020) (concluding that the defendant had "minimal" contacts when its employees involved in the challenged conduct were located in the transferee district).

Where, as here, "the gravamen of this case is whether [the defendant] made false and misleading statements in its advertising," and "a substantial portion of the most important contacts and conduct relating to the causes of action happened in [the transferee forum]," courts in this district have found that this factor "weighs heavily in favor of transfer." *Moreno v. Johnson & Johnson Consumer Inc.*, No. 2:21-CV-02666-AB-PVC, 2021 WL 12302429, at *3 (C.D. Cal. Oct. 5, 2021). In such cases, courts have found that although the plaintiff "would have some role in a trial, it would not be nearly as significant as that of" the defendant's executives and employees with knowledge of the challenged representations because the plaintiff can only testify to "the fact of her purchase," not "the falsity of claims." *Jovel v. i-Health, Inc.*, No. CV 12-05526 DDP JCGX, 2012 WL 5470057, at *3 (C.D. Cal. Nov. 8, 2012). As such, that the Products were marketed and sold—and one was purchased by Plaintiff—in this district is "less germane" to Plaintiff's claims than Defendants' contacts with Ohio, where the primary marketing decisions

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-10140-MRA-BFM | Date | May 30, 2025 |
|---|---|---|---|
| Title | Melanie Greben v. Cinmar, LLC, et al. | | |

were actually made. *Montenegro v. Johnson & Johnson Consumer, Inc.*, No. 2:24-CV-01895-SB-BFM, 2024 WL 4720925, at *4 (C.D. Cal. Sept. 16, 2024); *see also Burns v. Gerber Prods. Co.*, 922 F. Supp. 2d 1168, 1171 (E.D. Wash. 2013) (noting that the relevant consideration is where "the crux of the case" lies, which in false advertising class actions is where the allegedly false representations were issued, not where the purchases were made).

Plaintiff relies on the same authorities cited by her counsel in *Meza* to no avail. ECF 22 at 12-13 (citing *Noriesta v. Konica Minolta Bus. Sols. U.S.A., Inc.*, No. EDCV 19-620 JGB (KKX), 2019 WL 6482222, at *4 (C.D. Cal. July 8, 2019); *In re Ferrero Litig.*, 768 F. Supp. 2d 1074, 1079 (S.D. Cal. 2011); *Hendricks v. StarKist Co.*, No. 13-CV-729 YGR, 2014 WL 1245880, at *4 (N.D. Cal. Mar. 25, 2014); *Sonoda v. Amerisave Mortg. Corp.*, No. C-11-1803 EMC, 2011 WL 2653565, at *4 (N.D. Cal. July 6, 2011)). The Court agrees with *Meza* that these cited authorities are easily distinguishable because "in each of them the parties' contacts to the forum were far more substantial and/or they were *forum-related* contacts, i.e., the defendant's business operations in the district gave rise to the plaintiff's case." *Meza*, 2023 WL 3267861, at *8. Plaintiff has made no more of a showing than the plaintiff in *Meza*, and the Court sees no reason to depart from the court's conclusion in that case. Thus, the Court finds that the respective parties' contacts with the forum and the contacts relating to Plaintiff's causes of action diminish Plaintiff's choice of forum and weigh in favor of transfer to the Southern District of Ohio.

### 3. *Remaining Interest of Justice Factors*

The Court considers the remaining interest of justice factors.

*Local Interest in the Controversy.* Plaintiff argues that "while Ohio has an interest in regulating consumer fraud by its corporations, California has an interest in protecting its residents from fraud." ECF 22 at 15-16. The Court agrees with Defendants that this dispute is not localized to California and that Ohio has an interest in the resolution of this case based on the fact that there are likely Ohio class members, Defendants are Ohio corporations, and "the locus of decision-making" central to this matter occurred in Ohio. *Moreno*, 2021 WL 12302429, at *4. The district court's reasoning in *Moreno*, a similar consumer fraud class action, is instructive. The court concluded that California's "interest is not much different from the interest all other states have in this case, as Plaintiff asserts common law fraud and unjust enrichment claims, presumably under various states' laws, on behalf of a nationwide class." *Id*. In fact, the court concluded that the transferee forum "has that same interest in protecting its class-member residents from false advertising as California and all other states do. But [the transferee forum[] has the additional interest in ensuring that corporations that reside and are headquartered there do not engage in false advertising." *Id*. This factor weighs in favor of transfer to Ohio.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-10140-MRA-BFM | Date | May 30, 2025 |
|---|---|---|---|
| Title | Melanie Greben v. Cinmar, LLC, et al. | | |

*Familiarity with Governing Law.* Plaintiff argues that her individual claims and the California sub-class's claims are governed by California law, and an Ohio court lacks familiarity with California law. ECF 22 at 14-15. However, in this district and the Southern District of Ohio, "federal judges routinely apply the law of a State other than the State in which they sit." *Atl. Marine*, 571 U.S. at 67. "As a federal court sitting in diversity, this Court must apply California's choice of law rules to determine which law governs Plaintiff's claims, and the same would be true if this action was transferred" to another district. *Romoff v. Johnson & Johnson Consumer Inc.*, No. 22CV75-LL-WVG, 2022 WL 3905301, at *5 (S.D. Cal. Aug. 26, 2022) (citing *Muldoon v. Tropitone Furniture Co.*, 1 F.3d 964, 65 (9th Cir. 1993)). Thus, where, as here, a plaintiff asserts common law claims on behalf of a nationwide class, the court would likely be required to apply the law of numerous states, "or at least a robust analysis of the extent to which other state laws are analogous to California law." *Meza*, 2023 WL 3267861, at *8. At best, this factor is neutral.

*Costs of Litigation and Access to Proof.* Plaintiff argues that these factors weigh against transfer because both parties' counsel are in the Central District of California. ECF 22 at 17. The Court is not convinced. Because "the majority of the relevant witnesses and evidence is located" in Ohio, relative litigation costs are likely to be lower in Ohio, and Ohio "better facilitates ease of access to sources of proof." *Meza*, 2023 WL 3267861, at *9. This is so because "litigation costs are reduced when venue is located near the most witnesses expected to testify" and—notwithstanding "developments in electronic conveyance"—when the "the venue is in the district in which most of the documentary evidence is stored." *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1095 (N.D. Cal. 2013). Thus, these factors weigh in favor of transfer.

*Court Congestion and Speed of Resolution.* Plaintiff argues that this district is less congested than the Southern District of Ohio. ECF 22 at 18. Data from the Administrative Office of the United States Courts indicates that the Southern District of Ohio has a higher weighted filing average per judge than this district, and the median time for a civil case to reach trial is 43.1 months in the Southern District of Ohio compared to 29.1 months in this district. Brenner Decl. ¶ 2, Ex. 1. While this evidence weighs "somewhat against transfer," "'administrative considerations such as docket congestion are given little weight in this circuit in assessing the propriety of a § 1404(a) transfer,' and so the Court affords it little weight in the analysis." *Meza*, 2023 WL 3267861, at *9 (quoting *Allstar Mkt. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1134 (C.D. Cal. 2009).

On balance, the Court finds that the interest of justice factors weighs in favor of transfer to the Southern District of Ohio.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-10140-MRA-BFM | Date | May 30, 2025 |
|---|---|---|---|
| Title | Melanie Greben v. Cinmar, LLC, et al. | | |

### B.  Convenience of the Parties and Witnesses

Defendants argue that the convenience of the parties and witnesses is best served by litigating this matter in the Southern District of Ohio, where the decision makers and people with knowledge of the challenged marketing representations are based.  ECF 17 at 21-24.  Plaintiff responds that party convenience is neutral at best because she would be more inconvenienced by transfer than Defendants and that Defendants fail to show that witness convenience supports transfer.  ECF 22 at 19-22.

"The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)."  *Metz*, 674 F. Supp. 2d at 1147 (quoting *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005)).  Courts consider "not only the number of witnesses, but also the nature and quality of their testimony."  *Id.* (citation omitted); *see also Saleh*, 361 F. Supp. 2d at 1161-62.  The convenience of employees is less important than the convenience of non-party witnesses."  *Metz*, 674 F. Supp. 2d at 1147 (citation omitted).  The party seeking transfer "must clearly specify the essential witnesses to be called and must make a general statement of what their testimony will cover."  *Gherebi v. Bush*, 352 F.3d 1278, 1304 n.33 (9th Cir. 2003), *vacated on other grounds*, 542 U.S. 952 (2004).  In determining the convenience of the witnesses, the court "must examine the materiality and importance of the anticipated witnesses' testimony and then determine their accessibility and convenience to the forum."  *Id.*

The Court finds that the Southern District of Ohio is a more convenient forum for the parties and witnesses.  Although Plaintiff resides in this district, it does not follow that this is the more convenient forum for the parties *on balance*.  *See Metz*, 674 F. Supp. 2d at 1147 ("[E]ven though Plaintiff argues that transfer will cause her undue prejudice, any prejudice to her is minimized by the fact that this is a class action suit.").  As explained above, the "heart of the matter" lies where the online marketing decisions were made, which is at Defendants' headquarters in West Chester, Ohio.  *Hawkins*, 924 F. Supp. 2d at 1215; *see* Hoffman Decl. ¶ 9 (identifying two officers by title, among other employees with knowledge of pricing and discounts for products sold on the Frontgate website, who are based in West Chester, Ohio).  "Although Defendants have not identified any witnesses by name, they have convincingly explained that the vast majority of Defendants' likely witnesses are located" within the Southern District of Ohio.[2]

---

[2] Though more weight should be given to the location of non-party witnesses, neither party provides the Court with sufficient information about these witnesses.  At best, Defendants indicate that certain additional witnesses who "directly supported Defendants in implementing marketing and pricing strategies and policies on the Frontgate website" are or once were based in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-10140-MRA-BFM | Date | May 30, 2025 |
|---|---|---|---|
| Title | Melanie Greben v. Cinmar, LLC, et al. | | |

*Hurvitz v. Zoom Video Commc'ns, Inc.*, No. CV 20-3400 PA (JPRx), 2020 WL 4360674, at *3 (C.D. Cal. May 12, 2020). "[T]he trial testimony of Defendant's employees about the Products is more important to the adjudication of this consumer class action than the testimony of the named Plaintiff," *Moreno*, 2021 WL 12302429, at *2, and as a result, Defendants "would be more inconvenienced by litigating this action in California than Plaintiff or Plaintiff's [c]ounsel would be litigating it in Ohio," *Meza*, 2023 WL 3267861, at *10.

### IV.     CONCLUSION

For the foregoing reasons, the Court finds that the convenience of parties and witnesses and the interest of justice weigh in favor of transferring this action to the Southern District of Ohio. The Motion to Transfer is therefore **GRANTED,** and this action shall be transferred forthwith. The Motion to Dismiss is **DENIED** without prejudice to renewal before the transferee court.

**IT IS SO ORDERED.**

                                                                                          -     :     -

                                                            Initials of Deputy Clerk     gga

---

St. Petersburg, Florida, at the headquarters of a former parent company. *See* Hoffman Decl. ¶ 11. The Court cannot conclude from these general averments that these witnesses exist and why their testimony is material. *Meza*, 2023 WL 326761, at *11.